Christopher C. Hoffman (SBN 176334)
   E-Mail:  choffman@fisherphillips.com
Megan E. Walker (SBN 299834)
   E-Mail:  mewalker@fisherphillips.com
FISHER & PHILLIPS LLP
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858) 597-9600
Facsimile:  (858) 597-9601

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISAEL GALLEGOS, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELMCROFT SENIOR LIVING, INC., a Delaware corporation; LAS VILLAS DEL NORTE OPERATIONS, LLC, a Delaware limited liability company; LAS VILLAS DE CARLSBAD OPERATIONS, LLC, a Delaware limited liability company GROSSMONT GARDENS OPERATIONS, LLC, a Delaware limited liability company; MOUNTVIEW OPERATIONS, LLC, a Delaware limited liability company; RANCHO VISTA OPERATIONS, LLC, a Delaware limited liability company; POINT LOMA OPERATIONS, LLC, a Delaware limited liability company; LA MESA OPERATIONS, LLC, a Delaware limited liability company; HCG LAS VILLAS DEL NORTE OPERATIONS, LP, a Delaware limited partnership; HCG LAS VILLAS DE CARLSBAD OPERATIONS, LP, a Delaware limited partnership; HCG GROSSMONT GARDENS | Case No:  '17 CV 1899 BAS JMA<br><br>**PETITION FOR REMOVAL**<br><br>*[Removed from San Diego County Superior Court, Case No. 37-2017-00026828-CU-OE-NC, assigned for all purposes to the Honorable Ronald F. Frazier]*<br><br>Complaint Filed:   July 21, 2017 |

PETITION FOR REMOVAL

OPERATIONS, LP, a Delaware limited partnership; HCG MOUNTVIEW OPERATIONS, LP, a Delaware limited partnership; HCG RANCHO VISTA OPERATIONS, LP, a Delaware limited partnership; HCG POINT LOMA OPERATIONS, LP, a Delaware limited partnership; HCG LA MESA OPERATIONS, LP, a Delaware limited partnership; and DOES 1 through 10, inclusive,

Defendants.

# TABLE OF CONTENTS

I.     PAPERS FROM THE REMOVED ACTION .....................................1

II.    NATURE OF REMOVED CASE .......................................................2

III.   VENUE............................................................................................3

IV.    THE REMOVAL IS TIMELY .........................................................3

V.     NOTICE TO ADVERSE PARTY AND STATE COURT ...............3

VI.    THE CONSENT REQUIREMENT IS INAPPLICABLE.................4

VII.   THIS COURT HAS JURISDICTION UNDER THE
       CLASS ACTION FAIRNESS ACT ..................................................4

VIII.  THE PARTIES ARE MINIMALLY DIVERSE ...............................5
       A.    Plaintiff's Citizenship ..........................................................5
       B.    Elmcroft's Citizenship .........................................................5

IX.    THE PUTATIVE CLASS EXCEEDS 100........................................6

X.     THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS
       $5 MILLION ...................................................................................7
       A.    Applicable Standard..............................................................7
       B.    Generally Applicable Bases for Calculating the Amount
             in Controversy ......................................................................7

XI.    NO EXCEPTION TO CAFA JURISDICTION APPLIES HERE ...13
       A.    Section 1332(d)(4)(A)'s "Local Controversy" Exception
             Does Not Apply ...................................................................13
       C.    Section 1332(d)(4)(B)'s "Home State" Exception Does
             Not Apply.............................................................................14
       D.    Section 1332(d)(3)'s Discretionary Exception Does
             Not Apply.............................................................................16

XII.   CONCLUSION ..............................................................................16

i

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Agredano v. Sw. Water Co. et al.*,
    No. CV 17-02627 SJO (EX), 2017 WL 2985395 (C.D. Cal. May
    30, 2017) ................................................................................................... 9

*Cain v. Hartford Life & Acc. Ins.*,
    890 F. Supp. 2d 1246 (C.D. Cal. 2012) ............................................... 7

*Dart Cherokee Basin Operating Co. v. Owens*,
    135 S. Ct. 547 (2014) ........................................................................... 7

*Duberry v. J.Crew Group, Inc.*,
    No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018 (C.D. Cal.
    July 28, 2015) ........................................................................................ 9

*Giannini v. Northwestern Mut. Life Ins. Co.*,
    No. 12-77, 2012 WL 1535196 (N.D. Cal. Apr. 30, 2012) .......................... 9, 12

*Guerrero v. Halliburton Energy Servs., Inc.*,
    231 F. Supp. 3d 797, 807–08 (E.D. Cal. 2017) ................................... 9

*Hanlon v. Chrysler Corp.*,
    *150* F.3d 1011, 1029 (9th Cir. 1998) ............................................... 12

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ................................................................................ 6

*Ibarra v. Manheim Invs., Inc.*,
    775 F.3d 1193 (9th Cir. 2015) .......................................................... 4, 7

*Kanter v. Warnter-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ............................................................... 5

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) ............................................................. 5

*Kearns v. Ford Motor Co.*,
    2005 WL 3967998 (C.D. Cal. Nov. 21, 2005), ........................... 14, 15

*Kuxhausen v. BMW Fin. Servs. NA LLC*,
    707 F.3d 1136 (9th Cir. 2013) .......................................................... 1, 6

ii

*Lopez v. Aerotek, Inc.*,
  2015 WL 234558 (C.D. Cal. May 14, 2015)...............................................12

*Lopez v. Aerotek, Inc.*,
  No. SACV 14-00803-CJC, 2015 WL 2342558 (C.D. Cal. May
  14, 2015).........................................................................................................9

*Marino v. Countrywide Fin. Corp.*,
  26 F. Supp. 3d 949, 953 (C.D. Cal. 2014)................................................15

*Mejia v. DHL Express (USA), Inc.*,
  No. CV 15-890-GHK JCX, 2015 WL 2452755 (C.D. Cal. May
  21, 2015)....................................................................................................9, 12

*Muniz v. Pilot Travel Ctrs. LLC*,
  No. 07-0325, 2007 WL 1302504 (E.D. Cal. May 1, 2007) ........................9

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999) ................................................................................3, 8

*Ritenour v. Carrington Mortg. Servs. LLC*,
  228 F. Supp. 3d 1025, 1031 (C.D. Cal.)....................................................7

*Serrano v. 180 Connect, Inc.*,
  478 F.3d 1018 (9th Cir. 2007)...................................................................13

*Unutoa v. Interstate Hotels & Resorts, Inc.*,
  No. 2:14-CV-09809-SVW-PJW, 2015 WL 898512 (C.D. Cal.
  Mar. 3, 2015) .............................................................................................7

*Villalpando v. Exel Direct Inc.*,
  No. C-12-04137 JCS, 2012 WL 5464620 (N.D. Cal. Nov. 8,
  2012)..........................................................................................................15

*Vodenichar v. Halcon Energy Props., Inc.*,
  733 F.3d 497 (3d Cir. 2013) .....................................................................15

**State Cases**

*Murphy v. Kenneth Cole Productions, Inc.*,
  40 Cal.4th 1094 (2007)..............................................................................8

**Federal Statutes**

28 U.S.C. §§ 1332, 1441, 1446, and 1453......................................................1, 16

iii

28 U.S.C. § 1332(c)(1) ....................................................................5

28 U.S.C. § 1332(d) .........................................................................4

28 U.S.C. § 1332(d)(2)(A) ...............................................................5

28 U.S.C. § 1332(d)(4)(A) .............................................................13

28 U.S.C. § 1332(d)(5)(B) ...............................................................6

28 U.S.C. § 1441(a) .........................................................................3

28 U.S.C. § 1446(a) .........................................................................1

28 U.S.C. § 1446(b) .........................................................................3

28 U.S.C. § 1446(d) ......................................................................3, 4

28 U.S.C. § 1453(b) .........................................................................4

CAFA (Class Action Fairness Act) ..........................................*passim*

Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4
   (codified as 28 U.S.C. §§ 1332(d), 1335, 1441, 1453, 1603,
   1711–1715) ...............................................................................4

**State Statutes**

Cal. Code Civ. Proc. § 338(a)......................................................9, 10

Cal. Code Civ. Proc. § 340 .............................................................11

California Labor Code §§ 201, 202, and 203 ....................................2

California Labor Code §§ 226(a), 1174(d), and 1198 ........................2

California Labor Code §§ 226.7, 512(a), and 1198............................2

California Labor Code §§ 510 and 1198 ...........................................2

California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198 ......2

California Labor Code § 2802 ..........................................................2

Labor Code § 203 .....................................................................10, 12

Labor Code § 226 .....................................................................11, 12

TABLE OF AUTHORITIES

Labor Code § 226.7 .............................................................................................. 8

TABLE OF AUTHORITIES

FPDOCS 33227857.1

PLEASE TAKE NOTICE that Defendant Las Villas Del Norte Operations, LLC ("LVDN"), through undersigned counsel, hereby removes the case identified in paragraph 1 below to this Court. The removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## I.    PAPERS FROM THE REMOVED ACTION

1.    On or about July 21, 2017, Plaintiff Misael Gallegos filed the removed case, a putative class action, in the Superior Court of California, County of San Diego, captioned *Misael Gallegos, individually, and on behalf of other members of the general public similarly situated, v. Elmcroft Senior Living, Inc., a Delaware corporation; Las Villas Del Norte Operations, LLC, a Delaware limited liability company; Las Villas De Carlsbad Operations, LLC, a Delaware limited liability company; Grossmont Gardens Operations, LLC, a Delaware limited liability company; Mountview Operations, LLC, a Delaware limited liability company; Rancho Vista Operations, LLC, a Delaware limited liability company; Point Loma Operations, LLC, a Delaware limited liability company; La Mesa Operations, LLC, a Delaware limited liability company; HCG Las Villas Del Norte Operations, LP, a Delaware limited partnership; HCG Las Villas De Carlsbad Operations, LP, a Delaware limited partnership; HCG Grossmont Gardens Operations, LP, a Delaware limited partnership; HCG Mountview Operations, LP, a Delaware limited partnership; HCG Rancho Vista Operations, LP, a Delaware limited partnership; HCG Point Loma Operations, LP, a Delaware limited partnership; HCG La Mesa Operations, LP, a Delaware limited partnership; and Does 1 through 10, inclusive*, Case No. 37-2017-00026828-CU-OE-NC.

2.    LVDN was served with the Complaint on August 17, 2017. *See* Declaration of Robin Barber ("Barber Decl."), ¶ 2.

3.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the California Superior Court Complaint, civil cover sheet, and the original summons issued to LVDN are attached hereto as Exhibit 1 to the Declaration of Megan E.

1

Walker ("Walker Decl.").  No other documents have been served on LVDN as of the date of this removal.

4.   LVDN did not answer Plaintiff's Complaint in San Diego County Superior Court prior to removal.  Walker Decl. ¶ 4.

## II.   NATURE OF REMOVED CASE

5.   Plaintiff alleges that Defendants Elmcroft Senior Living, Inc. ("Elmcroft"); LVDN; Las Villas De Carlsbad Operations, LLC; Grossmont Gardens Operations, LLC; Mountview Operations, LLC; Rancho Vista Operations, LLC; Point Loma Operations, LLC; La Mesa Operations, LLC; HCG Las Villas Del Norte Operations, LP; HCG Las Villas De Carlsbad Operations, LP; HCG Grossmont Gardens Operations, LP; HCG Mountview Operations, LP; HCG Rancho Vista Operations, LP; HCG Point Loma Operations, LP; HCG La Mesa Operations, LP; and Does 1 through 10, (collectively, "Defendants") each act as the agent for the other.  Compl. ¶ 22.  Plaintiff also alleges that Defendants failed to pay overtime, failed to pay minimum wage, automatically deducted meal periods, failed to provide rest periods, failed to provide accurate wage statements, failed to pay former employees accurate wages upon discharge, and failed to reimburse employees for business-related expenses. Compl. ¶¶ 65, 77, 83, 94, 104, 111, 119.

6.   Based on this conduct, Plaintiff asserts nine causes of action, under: (1) California Labor Code §§ 510 and 1198, for unpaid overtime; (2) California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198, for unpaid minimum wages; (3) California Labor Code §§ 226.7, 512(a), and 1198, for failure to provide meal periods; (4) California Labor Code §§ 226.7 and 1198, for failure to provide rest periods; (5) California Labor Code §§ 226(a), 1174(d), and 1198, for non-compliant wage statements and failure to maintain payroll records; (6) California Labor Code §§ 201, 202, and 203, for wages not timely paid upon termination; (7) California Labor Code § 2802, for unreimbursed business expenses;

(8) California's Unfair Competition Law, Business & Professions Code ("UCL") §§ 17200, *et seq.*, for unlawful business practices; and (9) California's Unfair Competition Law, Business & Professions Code ("UCL") §§ 17200, *et seq.*, for unfair business practices

7.    Plaintiff seeks to represent a putative class consisting of "[a]ll persons who worked for Defendants as nonexempt, hourly-paid employees in California within four years prior to the filing of this complaint until the date of trial." Compl. ¶ 33. Plaintiff also seeks to represent a putative subclass consisting of "[a]ll persons who worked for Defendants as nonexempt, hourly-paid employees in California and who received at least one wage statement within one year prior to the filing of this complaint until the date of trial."

## III.    VENUE

8.    Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

## IV.    THE REMOVAL IS TIMELY

9.    The removal is timely under 28 U.S.C. § 1446(b).

10.    Plaintiff served his Complaint on LVDN on August 17, 2017.

11.    LVDN filed this Notice of Removal within thirty (30) days of service, as required by law. *See, e.g.*, *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

## V.    NOTICE TO ADVERSE PARTY AND STATE COURT

12.    Pursuant to 28 U.S.C. § 1446(d), LVDN is serving written notice of the removal of this case on Plaintiff's counsel:

> Arnab Banerjee, Esq.
> Brandon Brouilelette, Esq.
> Ruhandy Glezakos, Esq.
> CAPSTONE LAW, APC
> 1875 Century Park East, Suite 1000
> Los Angeles, CA 90067

3

13.     Pursuant to 28 U.S.C. § 1446(d), LVDN will promptly file a Notice of Filing Removal with the Clerk of the Superior Court of California, County of San Diego.  Walker Decl. ¶ 5.  A copy of the Notice of Filing Petition for Removal (without exhibits) is attached as Exhibit 2 to the Declaration of Megan Walker.

## VI.    THE CONSENT REQUIREMENT IS INAPPLICABLE

14.     This case can be removed without the consent of any other defendant, as provided by 28 U.S.C. § 1453(b).  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) ("A CAFA-covered class action may be removed . . . by any defendant without the consent of co-defendants.").  Regardless, Elmcroft, Las Villas De Carlsbad Operations, LLC; Grossmont Gardens Operations, LLC; Mountview Operations, LLC; Rancho Vista Operations, LLC; Point Loma Operations, LLC; and La Mesa Operations, LLC consent to this removal.[1]

## VII.   THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

15.     Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified as 28 U.S.C. §§ 1332(d), 1335, 1441, 1453, 1603, 1711–1715).  CAFA confers federal jurisdiction over class actions involving:  (a) minimal diversity (i.e., diversity between any putative class member and any defendant); (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interest and costs.   28 U.S.C. § 1332(d).  As demonstrated below, this case meets CAFA's requirements.

---

[1] The other named defendants, HCG Las Villas Del Norte Operations, LP; HCG Las Villas De Carlsbad Operations, LP; HCG Grossmont Gardens Operations, LP; HCG Mountview Operations, LP; HCG Rancho Vista Operations, LP; HCG Point Loma Operations, LP; and HCG La Mesa Operations, LP, no longer exist and have been succeeded by LVDN, Las Villas De Carlsbad Operations, LLC; Grossmont Gardens Operations, LLC; Mountview Operations, LLC; Rancho Vista Operations, LLC; Point Loma Operations, LLC; and La Mesa Operations, LLC, respectively.

## VIII.  THE PARTIES ARE MINIMALLY DIVERSE

16.    CAFA requires only minimal diversity—that is, that one plaintiff is a citizen of a different state than one defendant.  *See* 28 U.S.C. § 1332(d)(2)(A). Minimal diversity exists here, as Plaintiff and Elmcroft are citizens of different states.

### A.    Plaintiff's Citizenship

17.    Plaintiff is a citizen of the State of California.  Plaintiff is a resident of Valley Center, California, located in San Diego County, California.  Compl., ¶ 4. Natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

18.    During his employment with LVDN, Plaintiff worked in Escondido, California, also located in San Diego County, California.  Compl., ¶ 4.

19.    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Since Plaintiff resides in and worked in California, he is domiciled in and is a citizen of California. Compl., ¶ 4.

### B.    Elmcroft's Citizenship

20.    A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

21.    Plaintiff correctly alleges that Defendant Elmcroft is, and at all relevant times was, a corporation organized and existing under the laws of the State of Delaware.  Compl., ¶ 5; Barber Decl., ¶ 3.

22.    Plaintiff correctly alleges that Defendant Elmcroft's principal place of business is, and at all relevant times was, in Louisville, Kentucky.  Compl., ¶ 5; Barber Decl., ¶ 3.  A corporation's "principal place of business" "refers to the place

5

where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *id.*, at 93, which is the corporation's "nerve center." *Id.* at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93. Elmcroft's headquarters is located in Louisville, Kentucky. Barber Decl., ¶ 4. Elmcroft's Chairman and Chief Executive Officer, President and Chief Financial Officer, General Counsel, and other senior management work out of Elmcroft's corporate headquarters in Louisville, Kentucky. Barber Decl., ¶ 4.

23.    Accordingly, Elmcroft is a citizen of Delaware and Kentucky.

24.    Because Plaintiff is a citizen of California and Elmcroft is a citizen of Delaware and Kentucky, minimal diversity of citizenship exists in this matter.

## IX.    THE PUTATIVE CLASS EXCEEDS 100

25.    The Court looks to a plaintiff's allegations respecting class size for purposes of removal. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (CAFA requirement of 100 class members satisfied by plaintiff's complaint).

26.    Plaintiff purports to bring a claim on behalf of himself and "[a]ll persons who worked for Defendants as nonexempt, hourly-paid employees in California within four years prior to the filing of this complaint until the date of trial." Compl. ¶ 33. Plaintiff claims that the putative class is "estimated to be greater than one hundred (100) individuals" and "so numerous that joinder of all members would be infeasible and impracticable." *Id.* ¶ 38(a).

27.    In each of the four years preceding the filing of the Complaint and continuing through this month, more than 2,900 individuals worked as hourly paid employees at Defendants. Declaration of Carolyn Todd ("Todd Decl."), ¶ 6. Thus, the proposed class exceeds 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

/ / /

6

PETITION FOR REMOVAL

# X.    THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

## A.    Applicable Standard

28.    Although LVDN denies that Plaintiff or any putative class member is entitled to any relief, in determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict for the Plaintiff on all claims in the complaint. *See Cain v. Hartford Life & Acc. Ins.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." (internal quotation marks omitted)).  Further, the Supreme Court recently held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not require evidentiary submissions. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).[2]

## B.    Generally Applicable Bases for Calculating the Amount in Controversy

29.    To facilitate the calculations discussed in this Notice, Carolyn Todd, Divisional Director for Organizational Development for Elmcroft, ran various

---

[2] If a "defendant's assertion of the amount in controversy is contested by plaintiffs," then defendants must put forth evidence establishing the amount in controversy by a preponderance of the evidence. *Ibarra*, 775 F.3d at 1197 (citing *Dart Cherokee*, 135 S. Ct. at 554).  But even this "burden is not daunting, as courts recognize that under this standard a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1031 (C.D. Cal.) (internal quotation marks omitted); *see also Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-CV-09809-SVW-PJW, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) ("[A] removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation.").

PETITION FOR REMOVAL

reports on Elmcroft's Human Resources Information System that can isolate data regarding items such as:

- <u>Number of employees</u>.  The number of current and former employees who worked for Defendants during various time periods;

- <u>Aggregate employment periods</u>.  The employees' dates of hire and dates of termination, from which the aggregate workweeks and pay periods can be determined for various time periods;

- <u>Pay rates</u>.  The employees' rates of pay, which can be averaged;

30.    This data can then be used to perform theoretical damages calculations based on the statutes cited by Plaintiff, as follows:

a. **Meal Periods and Rest Breaks Penalties: $21,960,153.60**. Plaintiff pleads separate causes of action for meal period penalties, Compl., ¶¶ 79–88, and rest break penalties, Compl., ¶¶ 89–97, on behalf of himself and each class member.  Compl., ¶¶ 88, 97.  Employers must generally take certain measures to provide employees with opportunities to take meal periods and rest breaks.  *See*, *Murphy v. Kenneth Cole Productions, Inc*., 40 Cal.4th 1094, 1102 (2007). Generally, the remedy for an employer's failure to provide an employee with an opportunity to take a meal period is one hour of pay to any employee to whom the employer fails to provide an opportunity to take a meal period.  Similarly, the general remedy for an employer's failure to provide an employee with an opportunity to take a rest break is one hour of pay to any employee to whom the employer fails to provide an opportunity to take a rest break.  Labor Code § 226.7; *Murphy*, 40 Cal.4th at 1102.[3]  Here, Plaintiff does not allege how many meal period penalties or rest break penalties he and the class members are allegedly entitled to

---

[3]  Meal periods may be waived under the Labor Code; and an employer need not require an employee to actually take a meal period or rest break.  *See*, *Murphy v. Kenneth Cole Productions, Inc*. (2007) 40 Cal.4th 1094.

8

receive, nor does he provide any specifics about the number of times Defendants allegedly failed to provide Plaintiff and the putative class members with meal periods or rest breaks. Plaintiff does, however, allege that Defendants' "policies discouraged and impeded Plaintiff and class members from taking compliant breaks . . . ." Compl. ¶ 84. Plaintiff also alleges that " Defendants' scheduling policies and practices, or lack thereof, prevented Plaintiff and class members from being relieved of all duty in order to take compliant rest periods" and that Defendants "failed to schedule rest periods for Plaintiff and class members on a company-wide basis." Compl., ¶ 94. Given Plaintiff's allegations, it would be appropriate to assume for purposes of removal a 100% alleged violation rate. *Giannini v. Northwestern Mut. Life Ins. Co.*, No. 12-77, 2012 WL 1535196, at *3 (N.D. Cal. Apr. 30, 2012) (on virtually identical allegations, held that removal proper to assume each class member missed a meal period and rest break every day); *Muniz v. Pilot Travel Ctrs. LLC*, No. 07-0325, 2007 WL 1302504, at *3-4 (E.D. Cal. May 1, 2007); *Mejia v. DHL Express (USA), Inc.*, No. CV 15-890-GHK JCX, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (applying a 100% violation rate); *Agredano v. Sw. Water Co. et al.,* No. CV 17-02627 SJO (EX), 2017 WL 2985395, at *6 (C.D. Cal. May 30, 2017) (determining that use of a 100% violation rate is proper); *Duberry v. J. Crew Group, Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, *6 (C.D. Cal. July 28, 2015); *Lopez v. Aerotek, Inc.*, No. SACV 14-00803-CJC, 2015 WL 2342558, at *3 (C.D. Cal. May 14, 2015). Meal and rest period penalties carry a three-year statute of limitations. Cal. Code Civ. Proc. § 338(a); *Guerrero v. Halliburton Energy Servs., Inc.*, 231 F. Supp. 3d 797, 807–08 (E.D. Cal. 2017). In the statute of limitations period from July 21, 2014 through August 18, 2017 (the date the data was collected), 2,558 Class Members worked a 155,967 workweeks in the aggregate, with an average rate of pay at $14.08. Todd Decl., ¶ 7. Assuming five violations per workweek, this results in Plaintiff putting the following damages at issue:

PETITION FOR REMOVAL

|  | Workweeks | Avg. Hourly Rate | Penalties at Issue |
|---|---|---|---|
| 5 Meal Period Penalties Per Week | 155,967 | $14.08 | $10,980,076.80 |
| 5 Rest Break Penalties Per Week | 155,967 | $14.08 | $10,980,076.80 |
| **TOTAL** | | | **$21,960,153.60** |

Even assuming just *one* meal period violation and *one* rest break violation per week have been put at issue, there would still be **$4,392,030.72** at issue.  [1 meal period violation x 155,967  workweeks x $14.08  =  $2,196,015.36] + [1 rest break violation x 155,967 workweeks x $14.08 = $2,196,015.36] = $4,392,030.72.

   b.  **Waiting Time Penalties: $6,018,548.93**.  On behalf of the class, Plaintiff seeks waiting time penalties under Labor Code section 203 on a class-wide basis.  Compl. ¶ 111.  As Plaintiff correctly notes, under Labor Code section 203, an employer who willfully fails to timely pay an employee's wages owed at the time of the employee's separation (or within 72 hours for a resignation), must continue to pay each employee's daily wages as a penalty until all owed wages are paid, for up to 30 consecutive days.  Compl. ¶¶ 110, 112.  Plaintiff alleges Defendants "failed to pay Plaintiff and class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ."  Compl. ¶ 111.  Plaintiff alleges that he and class members are "entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.  Compl. ¶ 112.  A three-year statute of limitations applies to the penalties sought under Section 203.  Cal. Code Civ. Proc. § 338(a).  In the three year period between July 21, 2014 and

PETITION FOR REMOVAL

August 18, 2017, there were at least 1950 employees who both worked for Defendants, and ended their employment with Defendants.  Todd Decl., ¶ 8.The average last hourly rate of pay of those employees in that three-year period is $12.86.  Todd Decl., ¶ 8.  This means the theoretical waiting time penalties sought by the Plaintiff and the class is **$6,018,548.93** [1950 employees x $12.86/hour x 8 hours x 30 days = $6,018,548.93].

     c.  **Labor Code 226 Penalties: $2,549,100**.  Plaintiff also seeks penalties under Labor Code section 226 for allegedly inaccurate wage statements for himself and the subclass.  Compl. ¶¶ 98–108.  Plaintiff seeks penalties under Labor Code section 226, which authorizes a penalty of $50 per employee for each initial violation per employee, and $100 per employee for each subsequent violation, up to a maximum of $4,000 per employee.  Compl. ¶ 108, Cal. Lab. Code § 226.  Labor Code section 226 has a one-year statute of limitations.  Cal. Code of Civ. Proc. § 340.)  From July 21, 2016 to August 18, 2017, Defendants collectively employed 1,514 current and former employees, who worked an estimated 26,248 total pay periods.  Todd Decl., ¶ 9.  Thus, Plaintiff has put at issue $2,549,100 [26,248 pay periods x $100 – ($50 x 1,514) = **$2,549,100**]. [4]

    31.  Plaintiff has put far more than $5,000,000 at issue in the complaint.  Even assuming that Plaintiff only alleges on meal period violation and one rest break violation per week, and even disregarding Plaintiff's more difficult to estimate claims for unpaid overtime, unpaid minimum wage, and unreimbursed business expenses, Plaintiff still places nearly $13,000,000 at issue, more than double the threshold, as demonstrated in the table below:

---

[4] No class member exceeds § 226(e)(1)'s individual statutory maximum of $4,000, as each employee received—at most—27 wage statements from July 21, 2016 to July 21, 2017, which when multiplied by the maximum penalty ($100) only results in $2,700 per employee.

PETITION FOR REMOVAL

FPDOCS 33227857.1

| Meal period violations (assuming only 1 per week) | $2,196,015.36 |
| Rest break violations (assuming only 1 per week) | $2,196,015.36 |
| Labor Code § 203 waiting time penalties | $6,018,548.93 |
| Labor Code § 226 penalties | $2,549,100.00 |
| **TOTAL** | **$12,959,679.65**[5] |

32.    Further, these numbers do not account for attorneys' fees.  "[T]he Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees."  *Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).  Accordingly, "it is not unreasonable to rely on this estimate using the common fund method" for removal.  *Giannini* 2012 WL 1535196, at *21.  Plaintiff's theoretical attorneys' fees would therefore amount to an *additional* **$3,239,919.91** [$12,959,679.65 x 25% = $3,239,919.91], and bringing the total in excess of $16,000,000.

33.    Cases with fewer putative class members alleging the same or fewer violations have more than met the jurisdictional minimum.  *See, e.g., Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *3-6 (C.D. Cal. May 21, 2015) (722 putative class members & at least $8.3 million in controversy for rest break and wage statement claims); *Lopez v. Aerotek, Inc.*, 2015 WL 234558, at *3 (C.D. Cal. May 14, 2015) (741 putative class members at an average rate of pay of $10 per hour & over $6 million in controversy for claims similar to those alleged here); *Giannini*, *supra*, 2012 WL 1535196, at *2-3 (400 putative class members & at least $4.7 million in controversy for overtime and meal break claims alone).

---

[5]  This number does not include Plaintiff's claims for unpaid overtime, unpaid minimum wage, and unreimbursed business expenses or any related penalties therefor.

PETITION FOR REMOVAL

## XI.    NO EXCEPTION TO CAFA JURISDICTION APPLIES HERE

34.    Plaintiff bears the burden of proving that an exception to CAFA jurisdiction applies.  *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007).  None do here.

### A.    Section 1332(d)(4)(A)'s "Local Controversy" Exception Does Not Apply

35.    Section 1332(d)(4)(A) provides:

(4) A district court shall decline to exercise jurisdiction . . .

(A)(i) over a class action in which--

    (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

    (II) at least 1 defendant is a defendant--

        (aa) from whom significant relief is sought by members of the plaintiff class;

        (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

        (cc) who is a citizen of the State in which the action was originally filed; and

    (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

    (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).

36.    This exception to CAFA jurisdiction does not apply here because Subsections (A)(II)(aa), (bb), and (cc) are not satisfied.  As to (cc), LVDN; Las Villas De Carlsbad Operations, LLC; Grossmont Gardens Operations, LLC;

13

Mountview Operations, LLC; Rancho Vista Operations, LLC; Point Loma Operations, LLC; La Mesa Operations, LLC; HCG Las Villas Del Norte Operations, LP; HCG Las Villas De Carlsbad Operations, LP; HCG Grossmont Gardens Operations, LP; HCG Mountview Operations, LP; HCG Rancho Vista Operations, LP; HCG Point Loma Operations, LP; HCG La Mesa Operations, LP (collectively, the "Facilities"); are likely citizens of California. However, none satisfy (aa) or (bb). Subsection (aa)'s "significant relief" requirement "must be measured with respect to that sought by the entire class." *Kearns v. Ford Motor Co.*, 2005 WL 3967998, at *10 (C.D. Cal. Nov. 21, 2005), *implicitly overruled on other grounds by Serrano*, 478 F.3d at 1018. In *Kearns*, for example, where a local car dealership and Ford Motor Company were both named as defendants in a state-wide class action, the court held that the dealership "[could] not satisfy this criterion" because it dealt with "only a fraction of the class." *Id.* So too here. Each of the Facilities is liable only to its own, respective employees, not the entire class—which includes employees from across the state of California. *See* Compl. ¶ 33.

37. For the same reason, Subsection (bb)'s requirement that the defendant's conduct form "a significant basis" for state-wide class claims cannot be satisfied by any of the individual Facilities, as each Facility's conduct only touches a fraction of the class. *Kearns*, 2005 WL 3967998, at *11.

## B.     Section 1332(d)(4)(B)'s "Home State" Exception Does Not Apply

38. Nor does the "Home State" exception to CAFA apply here. Section 1332(d)(4)(B) prevents removal if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." However, here, "the primary defendant" is Elmcroft, which is not a citizen of California.

39. Courts "have found a primary defendant is one:

/ / /

PETITION FOR REMOVAL

(1) who has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the claims asserted by plaintiffs; or (5) is the only defendant named in one particular cause of action."

*Marino v. Countrywide Fin. Corp.*, 26 F. Supp. 3d 949, 953 (C.D. Cal. 2014) (internal quotation marks omitted). The first factor applies to Elmcroft, not any of the individual Facilities, as only Elmcroft could, in theory, be liable to the entire class (as opposed to just specific Facilities' employees). Likewise, the second factor applies to Elmcroft, not the individual Facilities. The third and fourth factors apply to all Defendants, and the fifth applies to none, as all Defendants are named in every count. Four of five factors thus indicate that Elmcroft is a primary defendant. Courts have found satisfaction of four of five factors renders a defendant a "primary defendant." *See id.* (finding Bank of America the primary defendant where four of five criteria applied); *Villalpando v. Exel Direct Inc.*, No. C-12-04137 JCS, 2012 WL 5464620, at *10 (N.D. Cal. Nov. 8, 2012) (finding a "primary defendant" where the entity "face[d] exposure to the vast majority of the members of the proposed classes").

40. Furthermore, even if the Facilities and Elmcroft are all considered "primary defendants," courts have found that the exception applies only where *all* primary defendants are citizens of the state where the complaint was filed. *See, e.g.*, *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 506 (3d Cir. 2013) ("[B]y using the word 'the' before the words 'primary defendants' rather than the word 'a,' the statute requires remand under the home state exception only if all primary defendants are citizens of Pennsylvania."). In *Kearns*, for example, the court found the exception did not apply even if the dealership were a "primary defendant" because Ford, also a primary defendant, was not a California citizen. 2005 WL 3967998, at *7–8.

/ / /

---

PETITION FOR REMOVAL

### C.    Section 1332(d)(3)'s Discretionary Exception Does Not Apply

41.    Lastly, and for the same reasons, the discretionary exception in Section 1332(d)(3) also does not apply.  Section 1332(d)(3) provides that, upon consideration of various factors,

> [a] district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and *the primary defendants* are citizens of the State in which the action was originally filed.

§ 1332(d)(3) (emphasis added).  As set forth above, Elmcroft is a primary defendant and is not a citizen of California.  Accordingly, this exception does not apply here.

## XII.  CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, LVDN hereby removes the above-captioned action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California.

Dated:  September 15, 2017         **FISHER & PHILLIPS LLP**

By:  */s/* Megan E. Walker

Christopher C. Hoffman
   *choffman@fisherphillips.com*
Megan E. Walker
   *mewalker@fisherphillips.com*

*Attorneys for Defendants*

16

PETITION FOR REMOVAL

FPDOCS 33227857.1